[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Household Finance Corporation, has filed a CT Page 7387 motion (#109) for summary judgment.[1] The plaintiff, Lisa Bailey, sued defendant for honoring seven checks totalling approximately $125,000, which she alleges bore her signature which had been forged by her former husband, Jeffrey Wornstaff. The checks were drawn on a home equity second mortgage on property solely in plaintiff's name and located on Cricket Lane in Stamford. The loan required the signatures of both plaintiff and her former husband.
In the first count of her complaint, plaintiff alleges that defendant violated General Statutes § 42a-4-406 by negligently honoring the seven forged checks. This statute requires, among other things, that a bank exercise ordinary care in paying checks and must provide its customers with statements of account identifying the items it has paid. Plaintiff contends that the defendant did not detect the forgeries and also failed to return to her copies of canceled checks with the monthly statements, which would have enabled her to more quickly detect the forgeries. In the second count of her complaint, plaintiff alleges that defendant breached its covenant of good faith and fair dealing by refusing to permit her to set up an escrow account containing the disputed funds, in substitution for the defendant's mortgage on her home. According to plaintiff, this in turn forced her to pay defendant approximately $135,000 in order to obtain a release of defendant's mortgage at the time she sold her home.
The defendant filed two special defenses, both relating to a divorce proceeding in 1990 involving the plaintiff and her former husband. In the first special defense, defendant asserts that a portion of the lump sum alimony awarded to plaintiff in the dissolution proceeding was based on her contention that she was obliged to repay the defendant mortgagee in an increased amount due to the forgeries. According to defendant, plaintiff sought reimbursement by her former husband in the dissolution action, and thus the issue of her liability on the mortgage was decided at that time. Hence, defendant claims plaintiff's position in the present action is inconsistent with her contentions in the dissolution action. In the second special defense, defendant contends that in the dissolution action, plaintiff argued that she was obliged to repay the total amount of the equity loan, including the money received by her former husband, whereas in the present action she claims that she does not owe defendant the money her former husband obtained because defendant was negligent in honoring the forgeries of plaintiff's signature. Thus, the CT Page 7388 defendant claims that plaintiff is estopped from maintaining the present action.
In its motion for summary judgment, which reiterates the contentions of the special defenses,[2] defendant argues that in the dissolution action, plaintiff obtained a judgment against her former husband which necessarily included a resolution in her favor of the issue of whether her mortgage to defendant had been increased by her former husband's unauthorized activities, and her equity accordingly decreased. The defendant claims that in the present action, plaintiff argues that her mortgage to defendant was not increased by her former husband's forgeries, and therefore the money she paid for a release of that mortgage should in effect be refunded to her by defendant, as she has been unsuccessful in collecting these funds from her former husband. In opposing summary judgment, plaintiff argues that her earlier action was a dissolution of marriage claim against her former husband, involving the awarding of alimony, and did not adjudicate any issues involved in this controversy regarding the liability of the defendant to her in connection with it having honored checks beating her signatures forged by her former husband.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). See Practice Book §§ 384, 381. A material fact is one that will make a difference in the result of a case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v.Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations and internal quotation marks omitted). Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,105, 639 A.2d 507 (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to CT Page 7389 decide whether any such issues exist." (Citations and internal quotation marks omitted.) Dolnack v. Metro-North CommuterRailroad Co., 33 Conn. App. 832, 838, 639 A.2d 530 (1994).
The defendant accompanied its motion for summary judgment with copies of Lisa Bailey's claims of law and memoranda filed in the dissolution action, as well as excerpts from her testimony at a deposition and at the actual trial. Also attached was a copy of a supplemental decision by Judge Mottolese dated January 17, 1991. This judgment awarded plaintiff Lisa Bailey lump sum alimony in the amount of $210,454, including $39,000 for an "amount of Home Equity line of credit dissipated by defendant." Her claims for relief in the prior action sought payment of $135,000, the full amount of the debt allegedly due defendant, payable either directly to that institution or as alimony. Her deposition testimony indicated that in the prior action, she had raised the issue of whether she was entitled to reimbursement from her former husband for the amount he received based on forgeries of her signature, and that this included the amount of the home equity line of credit due to the defendant.[3]
The plaintiff filed a memorandum opposing the entry of summary judgment and reiterated her contention that the issues regarding her rights as against the defendant, which are based on claims of negligence and bad faith, were not adjudicated in the dissolution action against her former husband. The present action, according to plaintiff, is based on a claimed violation of General Statutes § 42a-4-406, and bad faith on the part of the defendant. Plaintiff further contends that defendant is in error in claiming that the matrimonial action necessarily determined the issue of whether her former husband's forgeries increased the mortgage debt due defendant from plaintiff.
Collateral estoppel has been defined in a number of cases, most recently in Mulligan v. Rioux, 229 Conn. 716, 751, ___ A.2d ___ (1994). "Under Connecticut law, [c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." (Citations omitted; internal quotation marks omitted.) "An issue CT Page 7390 is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Citations omitted; internal quotation marks omitted.) Carol Management Corp. v. Board of Tax Review,228 Conn. 23, 32, 633 A.2d 1368 (1993). "An issue is necessarilydetermined if, `in the absence of a determination of the issue, the judgment could not have validly rendered. . . .' If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta." (Citations omitted.) Id., 33.
Based on the definition of collateral estoppel contained inMulligan v. Rioux, supra, 751, and having in the mind the twin rubrics regarding summary judgment, viz., the facts must be viewed in the light most favorable to the nonmovant, and the movant must show the absence of any real doubt as to the existence of any genuine issue of material fact; Home InsuranceCo. v. Aetna Life Casualty Co., 35 Conn. App. 94, 102, ___ A.2d ___ (1994); summary judgment must be denied. Enforceability of defendant's mortgage in an increased amount due to the forgeries by plaintiff's former husband was not an issue that was "fully and fairly" litigated in the matrimonial action. The defendant was not a party to the matrimonial suit, nor in privity with plaintiff's former husband. The plaintiff did not "have a full and fair opportunity to litigate" defendant's liability for honoring the seven checks in issue. In addition, there was no adjudication in the prior matrimonial action regarding the bad faith of defendant in this action in allegedly declining to establish an escrow account or in failing to furnish certain forms to plaintiff as claimed in the second count of the complaint. Defendant argues that the issue of whether plaintiff's mortgage was increased by her former husband's forgeries was resolved in the first action and cannot now be relitigated. The issue in the present case, however, is not the amount of plaintiffs prior mortgage to defendant, but whether defendant violated a certain statute regarding liability of a financial institution for honoring checks, and whether that institution acted in good faith in dealing with plaintiff, issues that were not resolved in the matrimonial action. At best, from defendant's standpoint, is that one element of the award of alimony to plaintiff was $39,000 for the "dissipation" of the line of credit due to defendant's forgeries. The issue of the liability of defendant to plaintiff for $125,000 for the seven forged checks was not "fully and fairly litigated" in the prior CT Page 7391 action, except perhaps to the extent of a $39,000 set off. Defendant's claim that the issue decided in the dissolution action was whether defendant's mortgage secured advances of funds transmitted to plaintiffs former husband is not correct.
For the foregoing reasons, defendant's motion for summary judgment is denied because the doctrine of collateral estoppel does not preclude plaintiff from litigating in this action the claims against defendant that are set forth in her complaint.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of July, 1994.
William B. Lewis, Judge